## Mellon Bank, N.A. v. Simpson

Before Disalle, Gladden and Bell, JJ.

*Davis & Mazzotta,* for plaintiff.
*Zeman & Zeman,* for defendants.

BELL, *J.,* August 12, 1976 — On March 26, 1975, defendants, Edith Simpson and Doreen Simpson, her daughter, borrowed money from plaintiff, Mellon Bank, N.A. under terms and conditions set forth in a writing entitled Mellon Bank N.A. Personal Loan Note & Disclosure Statement, marked Exhibit A and attached to plaintiff's complaint. It is alleged that the purpose of the loan was to pay off a prior existing agreement and note with plaintiff which was in default.

On or about August 6, 1975, defendants defaulted under the terms of the Loan Note by failing to make payments when due, and plaintiff, under the terms of the note, accelerated the entire unpaid balance. The loan note contained a confession of judgment clause, but plaintiff did not exercise its right to enter judgment. Instead, on October 28, 1975, plaintiff filed a complaint in assumpsit

against defendants to recover the balance due and owing under the Personal Loan Note. Defendants filed an answer, new matter and counterclaim. The matter is before this court upon plaintiff's preliminary objections in the nature of a motion to strike defendants' answer, a demurrer to and motion to strike defendants' new matter, and a demurrer to and motion to strike defendants' counterclaim.

In their New Matter, defendants averred that the relationship between the parties, the effect of the Personal Loan Note and the rights and duties of the parties in the event of default, were determined and mandated by the Act of January 30, 1974, P.L. 13, 41 P.S. §101 et seq. (the "Act").

Defendants contend that under the Act, plaintiff is a residential mortgage lender, defendants are residential mortgage debtors and the note constitutes a security document. The Act provides that, prior to accelerating the maturity of a note and prior to commencing legal proceedings, a lender is required to give the debtors notice of its intention thereof and the specific information set out in section 403 of the Act, 41 P.S. §403, and that such required notice of intention and such required information had not, to the date of the answer, been given.

Defendants, in their counterclaim, contend plaintiff is indebted to them for costs, attorneys fees and expenses arising out of this action, citing as authority section 503 of the Act, 41 P.S. 503.

The purpose of the Act is to regulate the interest rates chargeable by the lending institutions in relation to certain types of loans and to prescribe how

and what creditors must do in the collection or enforcement of delinquent obligations. Unfortunately, since this is relatively new legislation, there are no appellate court decisions which this court can follow as guidelines, so, therefore, it is a case of first impression.

To resolve the issue before this court, the following definitions as used in the Act are set forth as follows:

' ''Residential mortgage' means an obligation to pay a sum of money in an original bona fide principal amount of fifty-thousand dollars ($50,000.00) or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth . . . (emphasis added).

" 'Residential mortgage lender' means any person who lends money or extends or grants credit and obtains a residential mortgage to assure payment of the debt. This term shall also include the holder at any time of a residential mortgage obligation.

" 'Residential mortgage debtor' means a noncorporate borrower who is obligated to a residential mortgage lender to repay in whole or in part a residential mortgage and a successor record owner of the property, if any, who gives notice thereof to the residential mortgage lender.

" 'Security document means a mortgage, deed of trust, real estate sales contract or other document creating upon recordation a lien upon real estate.''

A literal reading of the definition of residential mortgage under the Act clearly indicates that a residential mortgage does not come into existence until a lien is placed against the real estate of the

debtor pursuant to the filing of a security document. In the instant case, the personal loan note and disclosure statement executed by defendants would come within the definition of residential mortgage had plaintiff exercised its right to file judgment under the confession of judgment clause contained in the Personal Loan Note. However, plaintiff chose not to exercise that right and therefore never obtained any lien on the real estate of defendants. As a result, plaintiff does not have, nor did it create, a lien against the real estate of the defendants, and consequently, the note does not come under the definition of a residential mortgage as defined in the Act. Under our interpretation, the obligation sued upon is not a residential mortgage, and therefore, the Act is not applicable to defendants' obligation, and plaintiff is not required to comply with the provisions of sections 403 and 404 of the Act entitled Notice of Intention to Foreclose.

We do not agree with defendants' averments that the obligation falls under the Act by the mere fact that plaintiff has the ability to create a lien on defendants' real property by the exercise of its right under the Confession of Judgment clause contained in the Personal Loan Note. A close examination of the Act and the definition of residential mortgage clearly indicates, as stated above, that an obligation comes within its provisions only in those instances where a lien is in fact obtained against the real property of the debtor. The mere ability to create a lien is insufficient.

The Supreme Court of Pennsylvania, September 22, 1975, promulgated new Rules of Civil Procedure, Nos. 2981, 2982, 2983, 2984, 2985 and 2986,

governing the action required by section 407 of the Act, and prescribing the legal procedure to be followed under the Act. The new Rules provide for an action to be filed setting forth:

1. The names of the parties, the confessed judgment, number, term and amount;

2. A copy of the Notice required by section 403(a) of the Act . . .

Further, when judgment is entered in this action, it shall merge with the confessed judgment.

It seems apparent that for an action to be maintained pursuant to the Act, there must be an underlying judgment or lien upon which to proceed.

As to defendants' counterclaim wherein it alleges that plaintiff has violated the Act by not complying with its provisions, and that pursuant to section 503 of the Act, the defendants are entitled to costs, expenses, and attorneys fees, we rule that since defendants' obligation to plaintiff does not come under the Act, the plaintiff has not committed any violation of the Act, and, therefore, the defendants are not entitled to any claim.

Accordingly, for the above stated reasons, we make the following

## ORDER

And now, August 12, 1976, the preliminary objections filed by plaintiff in the nature of a demurrer to new matter, motion to strike defendants' new matter, a demurrer to counterclaim, and motion to strike defendants' counterclaim are sustained, and the new matter and counterclaim are hereby stricken. Plaintiff 's preliminary objection

in the nature of a motion to strike defendants' answer is sustained, and defendants are granted 30 days from the date of this order to file an amended answer to plaintiff 's complaint in assumpsit.